IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deutsche Bank National Trust Co.,            :            Case No. 3:07CV416

           Plaintiff,            :

            v.            :            MAGISTRATE'S REPORT
                                 AND RECOMMENDATION

Richard L. Piddock, et al.,            :

           Defendants.            :

      This foreclosure action filed pursuant to 28 U.S.C. § 1332 was referred to the undersigned

magistrate for pretrial management and the filing of a report and recommendation.  Pending is

Plaintiff's Motion for Default Judgment which is accompanied by a proposed order (Docket No. 21).

The City of Toledo has filed an opposition to the proposed judgment entry and decree of foreclosure

(Docket No. 20).  For the reasons that follow, the undersigned recommends that default judgment

and decree of foreclosure be granted and that the liens of the Lucas County Treasurer and the City

of Toledo be given appropriate priority as provided by Ohio law.

      This action was filed on February 14, 2007, naming Richard L. Piddock, Unknown Spouse

of Richard L. Piddock, Diamond Savings & Loan Co., Lucas County Treasurer and the City of

Toledo.  Defendant Richard L. Piddock executed a promissory note and mortgage referenced in the

complaint.  Plaintiff is the holder of the note and mortgage which secures the amounts due under the

note.  As a result of defendant's failure to timely pay the note, the note and mortgage are in default.

1

Consequently, the conditions of the mortgage have been broken, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The undersigned further finds that the summons and complaint were properly served upon defendants; however, only the City of Toledo (Docket No. 8) and the Lucas County Treasurer (Docket No. 6) have filed an answer or other responsive pleading.  Consequently, the Clerk has entered the default for each defendant other than the Lucas County Treasurer and City of Toledo. The unknown spouse was dismissed from the lawsuit on April 3, 2007 (Docket No. 14).

Based upon a review of the pleadings and supporting affidavits, the undersigned finds that the mortgage was recorded with the Lucas County Recorder and is a valid and subsisting first mortgage on the property; however, Plaintiff's mortgage is junior in priority under Ohio law to the liens held by the Lucas County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

The undersigned further finds that the City of Toledo has a valid and subsisting lien as shown in its answer, the exact amount to be ascertained on the date of the timely transfer of the deed.  The undersigned recommends that the Defendant City of Toledo shall be paid the value of its water and sewer lien from the proceeds of the sale in priority with the lien held by the Lucas County Treasurer before any distribution is made to junior lien holders.  The undersigned further recommends that such interest shall be released from the title to the property upon confirmation of the sale to ensure that the buyer obtains title to the property free and clear of all interests.

The undersigned also finds that there is due on the note: 1) principal in the amount of $89,542.72, plus interest on the principal at the rate of 10.75% from October 1, 2006; all late charges

imposed under the note; all advances made for the payment of real estate taxes and assessments and insurance premiums and all costs and expenses incurred for the enforcement of the note and mortgage except to the extent the payment of one or more specific such items is prohibited by Ohio law.

Accordingly the magistrate recommends that unless the sums found to be due to Plaintiff are fully paid within ten days from the date of the judgment entry and decree of foreclosure that: judgment for the amount due on the note and mortgage be entered against Richard L. Piddock; the equity of redemption of the defendant title holders in the property shall be foreclosed and the property be sold free of the interests of all parties to this action. If payment is not made as required, the magistrate recommends that an order of sale shall issue to a master commissioner, directing him/her to appraise, advertise and sell the property according to the law and orders of this Court and to report his/her proceedings to this Court.

The undersigned further recommends that the proposed judgment entry and decree of foreclosure (Docket No. 21) submitted by Plaintiff be entered.

So ordered.


/s/ Vernelis K. Armstrong
U. S. Magistrate Judge

Dated:  6/20/2007


**Notice**

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

3

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation.  A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.

4